Filed
4/21/2016 10:28:57 AM
Esther Degollado
District Clerk
Webb District
Esmeralda Alvarado
2016CVT001015D3

CAUSE NO. 2016CVT00 1015 D3

| | | |
|---|---|---|
| ARMANDO GUZMAN | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| vs. | § | WEBB COUNTY, TEXAS |
| CUDD PUMPING SERVICES INC d/b/a CUDD ENERGY SERVICES AND KELLY J. MILLER | § | |
| *Defendant.* | § | 341st JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Armando Guzman, files this his Original Petition and Requests for Disclosure complaining of Defendants, Cudd Pumping Services, Inc., d/b/a Cudd Energy Services and Kelly J. Miller. In support thereof, Plaintiff would respectfully show this Honorable Court as follows:

### I.
### DISCOVERY TRACK

1.1 Plaintiff pleads that this case should be assigned to Discovery Track Level Three pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an agreed Order or other Court Order to this effect.

### II.
### PARTIES

2.1 Plaintiff, Armando Guzman, is a resident of Maverick County, Texas.

2.2 Defendant, Cudd Pumping Services, Inc., d/b/a Cudd Energy Services (hereinafter "Cudd"), is a for-profit Corporation with its headquarters at 2828 Technology Forest Blvd, The Woodlands, Texas 77381 and with offices in Channelview, Corpus Christi, Dallas, Frisco, Ft. Worth, Iraan, Kilgore, Midland, Odessa, San Antonio, Snyder, and Tyler Texas. It conducts business in Texas; engages in continuous and


EXHIBIT A

systematic contacts within the state of Texas; and derives substantial economic profits from Texas. Cudd may be served by servings its Texas registered agent for service of process: Corporation Service Company located at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

2.3  Defendant, Kelly J. Miller, is a resident of Gillette, Wyoming. He is an employee and/or agent of Cudd and was the operator of the vacuum truck on the day in question. He may be served by certified mail, return receipt requested at 1602 Shade Tree Avenue, Gillette, Wyoming 82718.

## III.
## VENUE AND JURISDICTION

3.1  Venue is proper in Webb County, Texas pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) because Webb County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

3.2  This Court has subject matter jurisdiction because the amount sought exceeds the minimum jurisdictional limits of the Court. Plaintiff seeks monetary relief over $1,000,000.

3.3  This Court has specific and general personal jurisdiction over all the Defendants because they purposefully availed themselves of the privilege of conducting activities within Texas; they have substantial and continuous contacts with the State of Texas, generally and with respect to this action, to satisfy both general and specific minimum contacts; and exercising jurisdiction over them does not offend the traditional notions of fair play and substantial justice.

3.4  Although Plaintiff seeks damages in an amount exceeding $75,000, federal courts lack jurisdiction over this suit. There is incomplete diversity of citizenship and Plaintiff's claims raise no federal question. Plaintiff seeks no relief under a federal law,

2

statute, regulation, treaty, or constitution, nor does Plaintiff's right to relief necessarily depend on the resolution of a substantial question of federal law. Thus, removal would be improper. Removal would also be improper due to the presence of one or more Defendants having its headquarters in Texas.

3.5     Pursuant to § 15.005 of the Texas Civil Practice & Remedies Code, since venue is proper for one or more Defendants, venue is proper as to all of Plaintiff's claims against all remaining Defendants because all of Plaintiff's claims arise from the same occurrence, transaction, or series of occurrences or transactions.

## IV.
## BACKGROUND FACTS

4.1     On or about June 24, 2015, Armando Guzman was working as a gate guard for Emergency Site Protection LLC at a jobsite at Piloncillo Ranch, which is located in Webb County, Texas.

4.2     Defendant, Kelly Miller, was operating a vacuum truck at the same jobsite at Piloncillo. After making his delivery, Miller failed to make a proper turn, which resulted in the vacuum truck cutting a corner and striking a large yellow free standing exit sign. Upon being struck, the large free-standing exit sign fell on Mr. Guzman causing severe injuries.

4.3     At all relevant times, Kelly Miller was in the course and scope of his employment with Cudd or was an agent/representative for Cudd.

## CAUSES OF ACTION
## V.
## *NEGLIGENCE AND RESPONDEAT SUPERIOR*

5.1     Defendant, Cudd, is vicariously liable for the actions of Defendant, Miller.

3

5.2 Defendants committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused the incident in question and Plaintiff's damages.

5.3 Defendants owed Plaintiff a duty to exercise ordinary care. Defendants acts or omission of negligence include, without limitation, one or more of the following:

(a) Failing to use ordinary care in properly training and monitoring its employees with respect to operating Cudd's vacuum trucks, including making proper turns;

(b) Failing to control the conduct of its employees with respect to operating Cudd's vacuum trucks;

(c) Failing to use ordinary care in supervising its employees' and/or agents activities;

(d) Failing to use ordinary care to prevent its employees and/or agents from causing an unreasonable risk of harm to others;

(e) Failing to use ordinary care in taking precautions to protect the safety of others when its employees and/or agents perform work that is inherently dangerous;

(f) Failing to use ordinary care in protecting others from peril when the peril is under its control;

(g) Failing to use ordinary care in taking affirmative action to control or avoid increasing the danger from a condition that has been created by its conduct;

(h) Failing to exercise reasonable care to avoid a foreseeable risk of injury to others;

(i) Failing to exercise reasonable care in performing services for another;

(j) Negligently exercising control over its employees;

(k) Failing to maintain the vacuum truck in its proper lane or within the driving boundaries;

(l) Hiring an incompetent driver;

(m) Allowing an incompetent driver to operate the vacuum truck in question on the day in question;

(n) Failing to make a proper turn in a vacuum truck;

(o) Failing to implement adequate policies and procedures related to operating vacuum truck in the presence of innocent bystanders; and

(p) Failing to use reasonable care under the circumstances.

## VI.
### *GROSS NEGLIGENCE*

6.1 Defendants' conduct in connection with the collision in question constitutes gross negligence that was a proximate cause of the collision in question and Plaintiff's damages. When viewed objectively, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of harm to others. Defendants were subjectively aware of and knew of this extreme risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. Plaintiff is entitled to recover punitive damages, pursuant to § 41.003(a)(2) and (3) of the Texas Civil Practice and Remedies Code and Article XVI, § 26 of the Texas Constitution.

## DAMAGES
## VII.
## ACTUAL DAMAGES

7.1 At the time of the collision, which made the basis of this suit, Plaintiff, Armando Guzman, was a healthy fifty-nine (59) year old adult. As a result of the collision, Plaintiff suffered in the past and will likely suffer in the future, damages

including physical pain, mental anguish, physical impairment, disfigurement, lost earnings, lost earning capacity, and reasonable and necessary medical expenses.

## VIII.
## PUNITIVE DAMAGES

8.1 Because Defendants are guilty of gross negligence that proximately caused Plaintiff's damages, they should have punitive damages assessed against them and awarded to Plaintiffs in an amount deemed proper by the jury.

## IX.
## PREJUDGEMENT AND POST-JUDGMENT INTEREST

9.1 Plaintiff seeks pre-judgment and post-judgment interest at the maximum legal rate.

## X.
## CONDITIONS PRECEDENT

10.1 All conditions precedent to Plaintiff's right to recover and Defendants' liability have been performed or have occurred.

## XI.
## JURY DEMAND

11.1 Plaintiff requests a trial by jury and tenders the requisite fee.

## XII.
## REQUESTS FOR DISCLOSURE

12.1 Plaintiff requests that Defendants disclose, within fifty (50) days of the service of this Original Petition, the information included in Texas Rule of Civil Procedure 194.2(a) – (l).

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recovers judgment of and from Defendants for its actual and exemplary

damages, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, cost of suit, and such other and further relief to which Plaintiff may show himself to be justly entitled, whether at law or in equity.

Respectfully Submitted,

WATTS GUERRA, LLP
4 Dominion Dr. Bldg. 3, Ste. 100
San Antonio, Texas 78257
210.447.0500 Telephone
210.447.0501 Facsimile

By: _____
MIKAL C. WATTS
Texas Bar No. 20981820
mcwatts@wattsguerra.com

FRANCISCO GUERRA, IV
Texas Bar No. 00796684
fguerra@wattsguerra.com

JOSE G. "JOEY" GONZALEZ, JR.
Texas Bar No. 24007247
jgonzalez@wattsguerra.com

*And*

LAW OFFICE OF MICHAEL MILLER
926 Chulie Drive
San Antonio, Texas 78216
Telephone: 210.225.6666
Fax: 210.225.2300

MICHAEL MILLER
State Bar No. 00788060
mmiller@michaelmillerlaw.com

**ATTORNEYS FOR PLAINTIFF**



# HONORABLE BECKIE PALOMO
## State District Court Judge
341st JUDICIAL DISTRICT OF TEXAS
WEBB COUNTY JUSTICE CENTER
1110 Victoria Street, Suite 302
Laredo, Texas 78040-4439

## CIVIL CASE – CALENDAR CALL SETTINGS

RE: CAUSE NO: 2016CVT001015 D3

STYLE: ARMANDO GUZMAN

VS

CUDD PUMPING SERVICES INC

**NOTICE** that this case IS **SET FOR CALENDAR CALL** on  07/18/2016 ,
at 1:30 PM at the 341st District Courtroom, 3rd Floor, Webb County Justice Center.

Calendar Call hearings will be in open Court and on the record before **JUDGE BECKIE PALOMO**.
Your presence is **MANDATORY** unless Counsel for Plaintiff(s) file a Joint Pre-Trial Guideline Order
(PTGO) with all counsels signatures on the PTGO.

You may download the PTGO at our website:
http://www.webbcountytx.gov/DC341st/Links/civ_Jury%20PTGO.pdf

Counsel for Plaintiff(s): if you do not appear for calendar call, your case may be dismissed for lack of prosecution.

Counsel for Defendant(s): if you do not appear for calendar call, a pre-trial guideline order may be
entered with or without your approval and/or signature.

Call the court for jury selection dates and pre-trial hearing dates. Keep in mind jury selection must be set
within the timeframes recommended by the Texas Supreme Court.

If there are any questions regarding this matter please feel free to call the court at the number below.

Magdalena Martinez
Civil Court Coordinator
(956)523-4328

DC: _____